IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NORTHWESTERN SELECTA, INC.<br><br>Plaintiff<br><br>v.<br><br>GUARDIAN INSURANCE COMPANY, INC.<br><br>Defendant | No. 2020–CV-<br><br>Demand for Jury Trial |

**COMPLAINT**

TO THE HONORABLE COURT:

The plaintiff, Northwestern Selecta, Inc., through the undersigned attorneys, respectfully submits this Complaint, and alleges and seeks relief as follows:

## I.   NATURE OF THE PROCEEDINGS

1. The plaintiff brings this action to declare its rights under a Marine Cargo Stock Throughput Policy of insurance. It has invoked its rights as an insured under this policy. The plaintiff has suffered a loss which is covered by the terms of a policy of insurance issued by the defendant, and which the defendant has failed and refused to honor.

## II.   PARTIES

2. The plaintiff, Northwestern Selecta, Inc., is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico. It has its principal place of business at 769 Calle C. María Julía Industrial Park, San Juan, Puerto Rico.

3. The defendant, Guardian Insurance Company, Inc., ("Guardian") is an insurance company organized under the laws of the United States Virgin Islands, with authorization to conduct business in the

Commonwealth of Puerto Rico with a place of business at Metro Office Park, Lot 13, Street 2, Suite 201, Guaynabo, Puerto Rico.

### III.   JURISDICTION AND VENUE

4. This Court has jurisdiction over the controversy by reason that it is an action to enforce the terms of a marine cargo insurance policy and as such is an action under which this Court has original jurisdiction under this Court's maritime jurisdiction pursuant to 28 U.S.C. 1333 (1).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) (1) and/or (2), as the defendant resides in this District, and a substantial part of the events giving rise to the claim occurred in this District.

### IV.   FACTS COMMON TO ALL COUNTS

**A. The Nature of the Business**

6. The plaintiff, Northwestern Selecta, is a commercial entity which is dedicated to the importation and distribution of frozen and refrigerated foods to retailers and food service operators in Puerto Rico.

7. In furtherance of its business Northwestern Selecta makes purchases of food product from producers and suppliers from all over the world.

8. Amongst the food products that were purchased by Northwestern Selecta were seafood products consisting of frozen cooked and sliced tentacles of giant squid/octopus in different sized lots and packaged amounts ("the seafood product").

9. These purchases of merchandise for resale were transported by sea to Puerto Rico where they were held for temporary warehousing, further transportation or ultimate commercial sale.

10. The seafood product consisted of some twenty-two thousand boxes. The total value paid for this product was in the amount of one million fifty seven thousand two hundred and twenty three dollars and twenty cents ($1,057,223.20).

11. The seafood product was at all times maintained in a proper and safe condition while at the facilities, or in the custody of, Northwestern Selecta.

12. In the regular course of the year and in the normal pursuit of its business, Northwestern Selecta sold parts of its inventory to different business entities, with a considerable amount of these being to food service entities. One important element of sale is the seasonality of different food items.

### B. The Insurance

13. As a prudent commercial entity, Northwestern Selecta procured insurance protection to cover the different aspects of its business operations. This included all matters related to the value of the product it purchased from different parts of the world, the carriage and transportation of the same to Puerto Rico, and the warehousing and storage of such production during different phases of the transportation, and up to the moment of delivery by Northwestern Selecta to commercial purchasers.

14. For this insurance purpose, and to specifically insure the merchandise it purchased on the world market, Northwestern Selecta procured a "Marine Cargo Stock Throughput Policy" from Guardian Insurance, this being Policy #STP001-2020.

15. The Guardian Marine Cargo Stock Throughput Policy was broad in its coverage, and Northwestern Selecta was covered for insurance for loss to the imported purchased products during transit and storage until delivery to the final customer. Specifically, the policy provided:

> The insurance hereunder attaches from the time the subject-matter becomes the Insured's risk or the Insured assumes interest and continues whilst the subject-matter is in transit and/or in store or during processing, manufacturing, packing, repacking, consolidation, deconsolidation, preparation, distribution and/or redistribution operations or elsewhere, including whilst held as stock and/or inventory and until the Insured's risk and/or interest finally ceases.

16. The Guardian Marine Cargo Stock Throughput Policy was broad in its coverage, and Northwestern Selecta was covered for insurance for:

RISKS COVERED

Risks
1. This insurance covers all risks of loss or damages to the subject-matter insured except as excluded by the provisions of Clauses 4, 5, 6 and 7 below.

17. The Guardian Marine Cargo Stock Throughput Policy was broad in its coverage, and Northwestern Selecta was covered for loss to the imported purchase still held in its storage facility including coverage for:

> Civil Authority:
>
> The subject-matter insured is covered against the risk of damage or destruction by civil or military authority for the purposes of presenting further damage or to prevent or mitigate a conflagration, pollution hazard or threat thereof provided that such damage or destruction is not caused or contributed to by war, invasion, revolution, rebellion, insurrection or other hostilities or war like operations or by any risk specifically excluded in this insurance.

18. The Marine Cargo Stock Throughput Policy issued by Guardian was in turn reinsured in the Lloyds of London insurance market under full and exact equal terms by Newline Insurance Company Limited, Munich Insurance, AIG Insurance and Liberty Mutual Insurance by way of a Marine Cargo Stock Throughput Reinsurance Policy, Number B12242OG04Z1001.

19. While in the course of its business operations, and specifically on March 12, 2020, the Governor of the Commonwealth of Puerto Rico issued Executive Order No. 2020-020 declaring a state of emergency in the Commonwealth.

20. On March 15, 2020 the Governor of the Commonwealth of Puerto Rico issued a general lockdown order, Executive Order 2020-023, which mandated stay-at-home requirements, and generally prohibited commercial operations, and further mandated the general closure and cessations of general commercial endeavors and discontinued all non-essential government operations.

21. The unprecedented drastic action of the Governor and civil authority was compelled by the appearance of COVID-19, a highly infectious disease caused by a novel coronavirus which is easily transmitted, allowing extremely fast spread. The nature of the pandemic produced declarations by the World Health Organization, the United States Centers for Disease Control and Prevention; and all countries throughout the world.

22. At the time of issuance of the Governor's Executive Order 2020-023, with the all-encompassing lockdown and cessation of business mandate, Northwestern Selecta still held marine cargo

stock in the warehouse of its facilities that was insured under the Guardian Marine Cargo Stock Throughput Policy #STP 001-2020 in the amount of 10,936 boxes for a value of five hundred fifty two thousand eight hundred and fifty one dollars and fifty cents ($552,861.50). Guardian has also incurred in related costs and fees with respect to the merchandise that was damaged and suffered loss.

23. The general lockdown and cessation of business operations declared by the Governor of the Commonwealth of Puerto Rico under Executive Order 2020-023, and similar orders issued immediately thereafter, forced the suspension of purchases as businesses were required to close, or to severely limit the manner of operation and scope of occupancy. This was especially applicable to a large number of the type of businesses to which this product was directed at this specific season, this being prepared food retail operations such as restaurants, cafeterias and similar food service business operations.

24. The general lockdown and cessation of business operations decreed by the Governor of the Commonwealth of Puerto Rico, caused the seafood product held by Northwestern Selecta to expire its shelf life, become unusable, and not consumable, consequently losing all commercial value.

25. The damage and loss of the insured Northwestern Selecta of the stock it held in its facility of "seafood product" was due to act of civil authority undertaken at that time by the Commonwealth of Puerto Rico Executive to prevent and stop massive contagion which in March, 2020 was a novel severe acute respiratory illness with no known cure, effective treatment or vaccine.

26. The loss of the stock of seafood product to Northwestern Selecta that was insured under the policy of insurance issued by Guardian under the Marine Cargo Stock Throughput Policy #:STP 001-2020 was promptly notified to Guardian.

27. The Northwestern Selecta claim was assigned by Guardian for adjustment to Crawford & Co., of 660 South Figueroa Street, Los Angeles, California.  This entity issued a report on July 6, 2020. The adjusting company did not issue a full and final report on loss analysis because it considered that the loss was not caused by the civil authority coverage clause.

28. The reinsurers of this loss, by way of the lead insurer, Newline Underwriting Management Limited, also reviewed the claim submitted by Northwestern Selecta, this time for purposes of the Marine

Cargo Stock Throughput Reinsurance Policy (B122420G04Z1001). By report dated October 8, 2020 Newline determined that the civil authority coverage did not apply because the merchandise was not physically damaged or destroyed by the Government authority; and because the claim was precluded by the policy exclusion for loss, damage or expenses caused by delay.

29. On October 8, 2020 Guardian directly notified Northwestern Selecta that its claim was denied under the evaluation performed by the Newline Group representative.

### C. The Denial of Coverage was Erroneous

30. The insurer, Guardian, committed error in its determination of policy coverage under the Marine Stock Throughput Policy #:STP 001-2020; in accepting and relying on the policy interpretations provided by Crawford and Newline. These interpretations are not supported by the plain, clear and broad terms of the insurance policy in question, nor by any applicable law.

31. The Marine Cargo Stock Throughput Policy is subject to, interpreted, and adjudicated under the law of the Commonwealth of Puerto Rico and the maritime law. The policy adopts as the rule of decision as: "This insurance shall be governed and construed in accordance with the law of Puerto Rico."

32. A contract of insurance in Puerto Rico is construed on the entirety of its terms and the conditions, as set forth in the policy and lawful riders and endorsements.

33. Under any body of law the terms of the Guardian Marine Cargo Stock Throughput policy are clear and straightforward, without regard to interpretations which do not flow from the natural specific language of the policy.

34. If the terms of the contract of insurance could be considered vague, which they are not, the doubts on vagueness or ambiguous terms or doubts, are interpreted to the favor of the insured.

35. The Marine Cargo Stock Throughput Policy applies coverage to the cause of the loss suffered by plaintiff because the policy covers all risks and does not contain an exclusion for a state of pandemic or geographical quarantine.

36. At no time during the development of the claim, or the presentation of the claim by the insured with the insurer, has there been a situation of delay, nor has the claim been presented in a delayed manner. The policy's exclusion clauses with respect to "delay" are not applicable to this claim.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

37. Northwestern Selecta repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1-36 above.

38. The Marine Cargo Stock Throughput Policy is an enforceable contract between Northwestern Selecta and Guardian.

39. Northwestern Selecta has performed all of obligations under the Marine Cargo Stock Throughput Policy, and all the conditions required for Guardian's performance and payment under this policy have been satisfied.

40. By denying coverage to Northwestern Selecta, and also invoking exclusions which are not relevant or applicable, Guardian has breached its obligations under its policy.

41. As a result of Guardian's breach of the policy, Northwestern Selecta has sustained damages estimated in excess of $552,861.50, exclusive of costs, interest and applicable attorney fees.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT

42. Northwestern Selecta repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1-36 above.

43. Although Northwestern Selecta has complied with all applicable provisions of the Marine Cargo Stock Throughput Policy, Guardian has repudiated insurance coverage obligations which are clear and unambiguous, and has otherwise wrongfully refused to provide coverage to which Northwestern Selecta is entitled.

44. An actual case or controversy exists between the parties as to Guardian's obligations under the policy to reimburse Northwestern Selecta for its losses incurred in connection to the Governor's

Executive Orders entered to prevent damage, and the result of such intervention was to cause direct loss to marine cargo stock merchandise transported and found in Northwestern Selecta's facilities.

45.   Pursuant to 28 U.S.C.§ 2202 Northwestern Selecta seeks a declaratory judgment from this Court declaring:

   a. Northwestern Selecta has incurred in direct losses in connection with the Governor's Executive Orders;

   b. the provisions under Guardian's policy providing for recovery and indemnity for losses resulting from civil authority provide coverage under the plain terms of the Marine Cargo Stock Throughput Policy ; and

   c. Guardian is obligated to pay Northwestern Selecta in the full amount of the cargo stock merchandise which was incurred, and which were insured under Guardian's policy.

WHEREFORE, Northwestern Selecta very respectfully prays that this Honorable Court enter final Judgment as follows:

   A. Damages for Northwestern Selecta for breach of contract in the amount of no less than $552,861.50.

   B. Declaratory Judgment.

   C. Pre-judgment and post-judgment interest at the highest legal rate.

   D. Costs and fees, together with such interest until the date judgment shall be paid.

   E. Such other relief as may be just and proper.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, and the Court Rules of this District, Northwestern Selecta respectfully demands trial by jury on all issues so triable, if, and, as may be extended by the saving to suitors clause of 28 U.S.C. § 1333 (1).

In San Juan, Puerto Rico, this 24th day of December 2020.

*s/J. Ramón Rivera Morales*
J. Ramón Rivera Morales
USDC-PR 200701
Jorge F. Blasini
USDC-PR 213001
JIMÉNEZ, GRAFFAM & LAUSELL
Attorneys for plaintiff
Northwestern Selecta, Inc.
PO Box 366104
San Juan, PR  00936-6104
T. 787-767-1030 / F. 787-751-4068
E-Mail: rrivera@jgl.com
E-Mail:  jblasini@jgl.com